376 So.2d 1316 (1979)
Rita Watts WATKINS
v.
Clarence Michael WATKINS.
No. 12793.
Court of Appeal of Louisiana, First Circuit.
October 8, 1979.
Hobart O. Pardue, Jr., Springfield, for plaintiff.
John R. Burgess, Livingston, for defendant.
Before LANDRY, EDWARDS and LEAR, JJ.
LEAR, Judge.
Rita Watts and Clarence Michael Watkins were divorced by judgment of the 21st Judicial District Court.
On April 5, 1978, plaintiff, not represented by counsel, entered into a community property settlement prepared by an attorney for defendant. The settlement comprised all movable and immovable property belonging to the community.
By such settlement agreement plaintiff conveyed to defendant all of her one-half undivided interest in said property.
The consideration given by defendant was the sum of Five hundred and No/100 ($500.00) dollars cash and the assumption of a mortgage note.
The original petition by Rita Watkins here was for the rescinding of the settlement on the grounds she was distraught and unaware of her rights and that she was coerced into signing by defendant's intimidation. *1317 She also alleged that the consideration given by the defendant was less than one-fourth of the true value of the community.
In order to show lesion it must be shown that the lesion is more than one-fourth of the true value of the property. Civil Code 1398:
"They may even be rescinded, on account of lesion; and, as equality is the base of partitions, it suffices to cause the rescission, that such lesion be of more than one-fourth of the true value of the property."
By amended petition, plaintiff alleges that the value of the community was Thirty-seven thousand eight hundred forty-four and 77/100 ($37,844.77) dollars.
Stipulation was entered into by counsel for both parties and the values involved in the community were agreed as follows:
(a) Immovables - $23,960.00
(b) Boat - 1,396.00
(c) Pick-up truck - 500.00
(d) Other movables - 1,280.00,
making a total of Twenty-seven thousand one hundred thirty-six and No/100 ($27,136.00) dollars. The trial court held that petitioner had an equity of one-half of the community, or Thirteen thousand five hundred sixty-eight and No/100 ($13,568.00) dollars. She received Five hundred and No/100 ($500.00) dollars cash and a credit of Six thousand three hundred and No/100 ($6,300.00) dollars, being one-half of the mortgage indebtedness, or a total of Six thousand eight hundred and No/100 ($6,800.00) dollars.
The court then held that the property settlement agreement was valid and not lesionary, apparently on the basis that one-fourth (¼) of the value of the property owned by the community was Six thousand seven hundred eighty-four and No/100 ($6,784.00) dollars and plaintiff had received Six thousand eight hundred and No/100 ($6,800.00) dollars. We are of the opinion that the court erred.
The true value of the community to be partitioned was Fourteen thousand five hundred thirty-six and No/100 ($14,536.00) dollars (appraised value less community debts) and Appellant's one-half interest amounted to Seven thousand two hundred sixty-eight and No/100 ($7,268.00) dollars. In concluding that Appellant received a credit of Six thousand three hundred and No/100 ($6,300.00) dollars resulting from Appellee's assumption of one-half of the mortgage indebtedness, which added to the Five hundred and No/100 ($500.00) dollars cash received by Appellant, amounted to a total payment of Six thousand eight hundred and No/100 ($6,800.00) dollars to Appellant, the trial court disregarded the jurisprudence established in Beatty v. Vining, 147 So.2d 37 (La.App. 2d Cir. 1962); Pitre v. Pitre, 162 So.2d 430 (La.App. 3d Cir. 1964); Pitre v. Pitre, 247 La. 594, 172 So.2d 693 (1965). The cited authorities established the rule that in determining the value of community property in a case of this nature, the assumption of one party of indebtedness against the community is not included in the value of the property received by the other party. The conclusion results from the fact that in determining the net value of the estate, the indebtedness has been previously deducted from the gross community valuation.
In this instance the true value of the community to be partitioned was Fourteen thousand five hundred thirty-six and No/100 ($14,536.00) dollars (appraised value less community debts); Appellant's one-half interest amounted to Seven thousand two hundred sixty-eight and No/100 ($7,268.00) dollars; one-fourth of the true value of Appellant's share is One thousand eight hundred seventeen and No/100 ($1,817.00) dollars. Appellant having received only Five hundred and No/100 ($500.00) dollars, the partition is clearly lesionary pursuant to La.C.C. Article 1398.
The judgment of the trial court in favor of Appellee is reversed and set aside and this case is remanded to the trial court for further proceedings; all costs of this appeal to be paid by Appellee.
REVERSED AND REMANDED.