399 So.2d 685 (1981)
Warren J. BEDWELL
v.
Bessie Glynette Hodges BEDWELL.
No. 14155.
Court of Appeal of Louisiana, First Circuit.
May 26, 1981.
*686 Bart Eaton, Baton Rouge, for plaintiff-appellant Warren J. Bedwell.
Clinton Hyatt, Jr., Baton Rouge, for defendant-appellee Bessie Glynette Hodges Bedwell.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Plaintiff, Warren J. Bedwell, brought suit against Bessie Glynette Hodges Bedwell seeking to set aside on the basis of lesion the community property agreement they entered into as a settlement of the former community of acquets and gains existing between them. Plaintiff appeals a judgment dismissing his demands at his costs. We reverse and render.
At trial, it was agreed by joint stipulation that the community assets were worth $66,014.13, that debts of the community amounted to $43,346.52, and that the true value (net worth) of the community was, therefore, $22,667.61.
For determining whether lesion has occurred, the applicable codal provisions are LSA-C.C. Arts. 1860, 1861 and 1398, which provide as follows:
Art. 1860.
"Lesion is the injury suffered by one who does not receive a full equivalent for what he gives in a commutative contract. The remedy given for this injury, is founded on its being the effect of implied error or imposition; for, in every commutative contract, equivalents are supposed to be given and received."
Art. 1861.
"The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied error or imposition, except in the two following cases:
1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or (of) the parties;
2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser."
Art. 1398.
"They may even be rescinded, on account of lesion; and, as equality is the base of partitions, it suffices to cause the rescission, that such lesion be of more than one-fourth part of the true value of the property."
Counsel for appellee urged, and the trial court agreed, that lesion occurs only when a party receives less than one-fourth his share of the partition, in this case, one-eighth of the entire community, or $2,833.45. The trial court then determined there had been no lesion since plaintiff had received $13,050.00, more than one-eighth of the community's net value. Plaintiff's assumption of $12,486.46 in community debts was not considered.
This analysis is clearly erroneous.
The proper way to determine lesion beyond one-fourth is to first determine the property's true value and then to calculate whether a party received three-fourths of his share. LSA-C.C. Art. 1398. Pitre v. Pitre, 162 So.2d 430 (La.App. 3rd Cir. 1964), affirmed 247 La. 594, 172 So.2d 693 (1965).
That Pitre was affirmed on grounds other than those stated by the court of appeal is of no moment since the appellate court's analysis was correct. Affirmation on other grounds does not diminish the persuasive effect of correct legal analysis.
Insofar as certain language in Watkins v. Watkins, 376 So.2d 1316 (La.App. 1st Cir. 1979), seems to support appellee's contention that a partition is affected by lesion when a party receives less than one-fourth his share, we find the language purely gratuitous. The party claiming lesion in Watkins had only received $500 out of property *687 worth $14,536. Under any analysis, lesion was present.
Despite appellee's contention, language in Watkins does not say, nor is it logical or proper to say, that the indebtedness assumed by one party in a partition is not deducted from the gross value of the property received to determine the actual net value that the party assuming the debt received for purposes of determining whether lesion exists. Watkins merely prohibits a double credit to the party assuming a community debt.
Thus, in the present case, even if the trial court's mode of calculating lesion were correct, lesion should have been found since plaintiff had to be given credit for community debts which he assumed.
In summary, half the true value of the community at issue was worth $11,333.80. Plaintiff had to receive at least $8,500.35, or three-fourth's of that half.
Plaintiff received property with a gross value of $13,050.00. Plaintiff assumed community debts of $12,486.46. Plaintiff's net share of the partition was, therefore, only $563.54, far below the required amount. Clearly, the settlement was affected by lesion.
For the foregoing reasons, the judgment appealed from is annulled and reversed. It is hereby adjudged, ordered and decreed that the community property settlement entered into on February 13, 1979, by Warren J. Bedwell and Bessie Glynette Hodges Bedwell be, and the same is, hereby set aside and found to have no legal effect. All costs, both trial and appellate, are to be paid by Bessie Glynette Hodges Bedwell.
REVERSED AND RENDERED.