428 So.2d 1103 (1983)
FLOOR-N-WALL DISTRIBUTORS, INC.
v.
E.H. HIRTS[*].
No. 82 CA 0437.
Court of Appeal of Louisiana, First Circuit.
February 22, 1983.
*1104 Peter Garcia, Covington, for plaintiff, appellee.
Frank E. Beeson, III, New Orleans, for defendant, appellant.
Before COVINGTON, LANIER and ALFORD, JJ.
COVINGTON, Judge.
This is an appeal by the defendant, E.H. Hirts from judgment of the district court in favor of plaintiff, Floor-N-Wall Distributors, Inc., against the defendant.
The plaintiff filed suit alleging that it had supplied certain carpeting to the defendant pursuant to an oral contract between them, for use in defendant's home in Eden Isles Subdivision in St. Tammany Parish, Louisiana, in the amount of $3,412.18, but that the defendant refused to pay the amount owed. Defendant denied the plaintiff's allegations, asserting that the contract, if any, was with Corporate Enterprises, Inc. and not with the defendant. He further asserted that he bought and paid for the lot, house and everything in it, including the carpets, under his agreement with the builder/vendor, Corporate Enterprises, Inc., and that there never was a contractual relation of any nature between him and Floor-N-Wall. Defendant also contended that any and all orders for carpeting were placed with the plaintiff by the builder/vendor, and that he merely selected the color of the carpets.
After the trial, the district court concluded that there was an oral contract between Floor-N-Wall and Hirts, and rendered judgment in favor of the plaintiff. Our careful review of the record on appeal convinces us that the trial judge properly considered the evidence and properly applied the law pertinent thereto. We affirm.
The plaintiff relies on an oral contract with E.H. Hirts for recovery of the cost of certain carpets installed in the defendant's home, in the amount of $3,412.18. The primary issue is whether or not Floor-N-Wall proved the agreement under the provisions of LSA-C.C. art. 2277, which reads:
All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.
The contract or agreement in the instant case involving more than $500.00 must be proved by one credible witness and other corroborating circumstances. Wayne de la Houssaye, the manager of Floor-N-Wall, testified to the agreement. As a representative of the plaintiff, de la Houssaye fulfills the requirement of at least one credible witness in LSA-C.C. art. 2277; Samuels v. Firestone Tire & Rubber Company, 342 So.2d 661 (La.1977). His testimony was accepted by the trial judge. Moreover, our careful examination of the record convinces us that the second requirement of Article 2277 has been fulfilled. As stated in Samuels v. Firestone Tire & Rubber Company, Article 2277 does not require independent proof of every detail of the witness's testimony; it requires only general corroboration.
The plaintiff testified that Mondell, the contractor for the defendant, got in touch with him to supply carpet for the residence *1105 of the defendant, at which time the plaintiff told Mondell that he would not supply the carpet to him. Mondell verified these facts and testified that he related them to the defendant. The defendant denied that Mondell told him that de la Houssaye wouldn't sell him (Mondell) the carpet, but admitted that the plaintiff expressed concern about the financial condition of Corporate Enterprise (Mondell). The testimony of Charles Hellfrich also corroborates the fact that plaintiff had a contract with Hirts. He stated positively that plaintiff was not dealing with Mondell.
Another important corroborative circumstance indicating that a contract existed between the plaintiff and defendant is the initial contact of the parties. The testimony of de la Houssaye is that Hirts contacted him after Mondell was told that plaintiff would sell Mondell no more carpet, and agreed to pay for the carpeting. According to de la Houssaye, when Hirts came in to arrange for the carpeting, the agreement was made with Hirts and not Mondell.
Hirts stated that the first time he went to Floor-N-Wall was after he expressed dissatisfaction with the second floor carpeting and at no time prior to that had he gone to Floor-N-Wall to pick out colors. The defendant's wife supported his testimony.
Mondell testified that while in most cases the builder orders the carpet, in this case Hirts wanted to go to New Orleans himself and get with de la Houssaye to make the arrangements for the carpeting. Mondell gave Hirts the address of Floor-N-Wall and told him to make the purchase because he (Mondell) could not get the carpet from Floor-N-Wall. The manner in which plaintiff sought payment is also corroborative evidence of the oral contract between the parties.
The credibility of the witnesses, as pointed out in Samuels, is also pertinent to this issue. Hirts, when asked twice if de la Houssaye ever went to him for payment, answered only that he never received an invoice because he told de la Houssaye to send it to Mr. Shaw. The trial judge accepted the testimony of de la Houssaye:
Q. When the replacement job was completed, did Mr. Hirts tell you to bill Mr. Mondell?
A. No, he did not. In fact, I asked Mr. Hirts for the money after that and Mr. Hirts told me, he said, no problem, just send the bill to Mr. Shaw and he will send you a check. So I hand delivered this bill to Mr. Shaw's office and the secretary took it and I didn't even see Mr. Shaw. That was the lastquite a few occasions I tried to get a hold of Mr. Shaw after that and I couldn't and I related this to Captain Hirts and he said, "Well, Mr. Shaw is going to pay for it" and it went on like that.
Q. Did you know who Mr. Shaw was at the time?
A. No, I did not. I assumed he was his attorney.
For the reasons assigned, the judgment of the district court is affirmed at appellant's costs.
AFFIRMED.
NOTES
[*] The defendant's correct name is "Hirt."