492 So.2d 39 (1986)
Frances LeBlanc CENAC
v.
Richard Joseph CENAC.
No. 85 CA 0312.
Court of Appeal of Louisiana, First Circuit.
May 28, 1986.
Rehearing Denied July 15, 1986.
*41 Cameron C. Gamble, New Orleans, for plaintiff and appellantFrancis LeBlanc Cenac.
Paul M. Hebert, Jr., Baton Rouge, for defendant and appelleeRichard Joseph Cenac.
Before CARTER, SAVOIE and ALFORD, JJ.
CARTER, Judge.
This appeal arises from the trial court judgment dismissing plaintiff's action for rescission of the community property settlement agreement between plaintiff and her former spouse.

FACTS
Plaintiff, Frances LeBlanc Cenac, and defendant, Richard Joseph Cenac, were married on August 16, 1963, and separated on or about May 28, 1981. Defendant filed a suit for legal separation and obtained a judgment of separation on June 17, 1981, in the proceedings entitled "Richard Joseph Cenac vs. Frances Elizabeth LeBlanc Cenac," Number 64,987 on the civil docket of the Thirty-Second Judicial District Court, Parish of Terrebonne. In that suit, plaintiff, who was not represented by independent counsel, admitted to fault (abandonment) and waived service and delays. On July 7, 1981, plaintiff, again not represented by counsel, entered into a community property settlement prepared by an attorney for defendant. The settlement comprised the movable and immovable property belonging to the community.
In the community property settlement, plaintiff conveyed to defendant all of her undivided one-half interest in various properties. The consideration received by plaintiff was a 1981 Lincoln Town car, a diamond cross pendant, her wedding and engagement rings, a gold chain, a diamond cocktail ring, a stainless Rolex watch, a rabbit coat and $5,000.00.
On June 7, 1982, plaintiff filed this suit for rescission of the community property settlement on various grounds including lesion beyond moiety, for an accounting, and for a partition of the community property. The trial of this matter was limited to the issue of rescission of the community property settlement. After trial, the trial court determined that the community property settlement was valid and not lesionary, dismissing plaintiff's claim for rescission of the community property settlement.
From this judgment, plaintiff appeals, alleging error on the part of the trial court in failing to annul and set aside the community property settlement on the following grounds: (1) that it is lesionary; (2) that plaintiff executed the settlement under error of law and fact; and, (3) that defendant breached his fiduciary duty to plaintiff by not giving her a full and detailed accounting of the community at the time of settlement.

Lesion
Plaintiff's first contention is that the community property settlement should be annulled on the basis of lesion beyond moiety. Plaintiff bases her claim on LSA-C.C. art. 1861[1] as it existed at the time the parties separated. LSA-C.C. art. 1861 provided, as follows:
The law, however, will not release a person of full age, and who is under no incapacity, against the effect of his voluntary contracts, on account of such implied *42 error or imposition, except in the two following cases:
1. In partition where there is a difference in the value of the portions to more than the amount of one-fourth to the prejudice of one or [of] the parties;
2. In sales of immovable property, the vendor may be relieved, if the price given is less than one-half of the value of the thing sold; but the sale can not be invalidated for lesion to the injury of the purchaser.
The proper way to determine lesion beyond one-fourth is first to determine the property's true value and then to calculate whether a party has received three-fourths of his share. LSA-C.C. art. 1398; Bedwell v. Bedwell, 399 So.2d 685 (La.App. 1st Cir. 1981); Watkins v. Watkins, 376 So.2d 1316 (La.App. 1st Cir.1979). Plaintiff bears the burden of establishing lesion by strong and convincing evidence. Armwood v. Kennedy, 231 La. 102, 90 So.2d 793 (1956); Blount v. Blount, 385 So.2d 476 (La.App. 1st Cir.1980), writ denied, 386 So.2d 358 (La.1980). The trial court's determination of community assets and liabilities is a factual one. Factual findings of the trial court will not be disturbed absent a finding of manifest error. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978); Canter v. Koehring Company, 283 So.2d 716 (La. 1973).
In the case sub judice, the trial judge made the following factual findings:

 ASSETS
Lincoln $ 15,394.00
Cross Pendant 2,500.00
Gold Chain 300.00
Diamond Cocktail Ring 2,000.00
Watch 1,775.00
Sheared Rabbit with Guanco Collar 1,100.00
$5,000.00 5,000.00
 ___________
Total value of Assets received by
 Mrs. Cenac $ 28,069.00
Family Home (Reimbursement) $ 70,000.00
Movables located on family home
 property -0-
1/8 Interest in Lot 3 of Bayou
 Barataria Section 7,500.00
25 shares of National Shipbuilding
 Stock 15,000.00
80 shares of American Liberty Financial
 Corp. 280.00
160 shares American Liberty Financial
 Corp. 560.00
Louisiana Motel stock 6,044.00
First National Bank of Houma
 stock 495.00
200 shares Investment Research
 & Development Sun Energy
 Corporation 2,000.00
La. Land Exploration surface
 lease -0-
Oldsmobile 400.00
Savings Account #XX-XXXX-X
 1st National Bank 2,318.54
Checking Account #XXX-XXX-X
 1st National Bank 728.59
New England Mutual Life
 Policy #628900 2,710.00
Money Market Certificate
 Terrebonne Savings & Loan 16,231.24
Promissory noteLynn Lirette -0-
 __________
Total value of assets received by
 Mr. Cenac $124,267.37
Total value of Community Assets $152,336.37
 * * *
 COMMUNITY DEBTS
Demand note date 5/1/80 in the
 amount of $15,000 $ 15,000.00
Open account to E.A. Cenac
 Towing by Richard Cenac
 d/b/a Tarpon Towing 13,444.19
Open account dated 8/1/78 to
 E.A. Cenac Towing 51,000.00
Community accounts 1,450.00
Loan to Cecile Guidry 8,000.00
 ¼ Interest in note dated 10/4/79
 secured by mortgage on Lot 3,
 Bayou Barataia (sic) Section 6,000.00
Note dated 4/26/74 to Guy Guidry
 secured by mortgage on
 Lots 3 and 4 Van Boudreaux
 S/D 30,000.00
 ___________
Total Community debts $124,894.19

After making these findings of assets and liabilities, the trial judge, in written reasons, concluded as follows:
After deducting the community debts from the assets, the community has a net value of $27,442.18. Mrs. Cenac received community assets valued at $28,069.00, exceeding the entire net value of the community. The agreement therefore cannot be rescinded on the grounds of lesion.
Our review of the record shows the trial judge erred in several respects.
*43 Initially, we find the values attributed to the assets to be supported by the record. In general, their values were assigned by defendant in his direction of the drafting of the community property settlement. Plaintiff essentially acquiesced in these figures.[2] However, defendant admitted at trial to the existence of two community assets, namely an individual retirement account in the amount of $7,196.74 and a bank account under the name "Richard J. Cenac Special Account" in the amount of $1,637.40, which were inadvertently omitted from the community property settlement. The trial judge also omitted these assets from his computations of the value of the community property assets. Although adding these assets to the trial judge's figures would not have altered his results, because of the conclusion reached herein, we find it necessary to do so. Therefore, the total value of the community assets, including the $7,196.74 IRA and the $1,637.40 bank account, is $161,170.51.
Plaintiff also contests the trial judge's valuation as to the amount of reimbursement for community funds used to improve the family home.
Testimony indicated the family home is the separate property of defendant. Correctly relying on LSA-C.C. art. 2366, the trial court allowed for reimbursement of community funds used to improve defendant's separate property, limited to the value of the contributions made. Both parties testified such contributions amounted to approximately $70,000.00. Plaintiff testified to an additional $20,000.00 in contributions which the trial judge accepted. However, the trial judge did not include the $20,000.00 additional contribution in calculating the amount of community funds used to improve defendant's separate property.
Although plaintiff testified that $20,000.00 of community funds were expended, there is no corroboration of this figure in the record. Generally, monetary expenditures are capable of being proven by documentary evidence such as cancelled checks, receipts, etc., as well as by oral testimony. Nothing was presented to corroborate plaintiff's $20,000.00 figure. Therefore, we must reject plaintiff's claim that the assets of the community should be increased by $20,000.00 for community funds allegedly used to improve the family home.
Plaintiff also contends that defendant failed to prove many of the community liabilities.
LSA-C.C. art. 2277 provides:[3]
All agreements relative to movable property, and all contracts for the payment of money, where the value does not exceed five hundred dollars, which are not reduced to writing, may be proved by any other competent evidence; such contracts or agreements, above five hundred dollars in value, must be proved at least by one credible witness, and other corroborating circumstances.
The "credible witness" called for in LSA-C.C. art. 2277, may be the one seeking to have the debt recognized. See Feazel v. Feazel, 471 So.2d 851 (La.App. 2nd Cir.1985). The "corroborating circumstances" need not establish every element *44 of the obligation. Feazel v. Feazel, supra. The trial court's assessment of credibility and corroboration are entitled to great weight. Samuels v. Firestone Tire & Rubber Co., 342 So.2d 661 (La.1977); Floor-N-Wall Distributors, Inc. v. Hirts, 428 So.2d 1103 (La.App. 1st Cir.1983).
In his case in chief, defendant testified as to the existence of a $15,000.00 debt to his father, which is allegedly evidenced by a demand note dated May 1, 1980. However, the note was not produced. Defendant's father testified, but did not testify as to this debt. The failure of the father to corroborate the testimony as to the debt does not in and of itself result in an unfavorable presumption with regard to that debt, it merely presents no evidentiary value to the court. See In re Nelson, 256 So.2d 843 (La.App. 4th Cir.1972); Lombardo v. St. Paul Fire and Marine Ins. Co., 394 So.2d 294 (La.App. 4th Cir.1981), writ denied, 399 So.2d 611 (La.1981). No other evidence was presented to corroborate defendant's testimony regarding this debt. We, therefore, find the trial court was manifestly erroneous in including this $15,000.00 figure in the list of community liabilities.
Likewise, the $8,000.00 figure listed as a "loan (owed) to Cecile Guidry," the $1,450.00 figure listed as "community accounts," and the $30,000.00 figure listed as "note dated 4/26/74 to Guy Guidry secured by mortgage on Lots 3 and 4 Van Boudreaux S/D" were supported only by defendant's testimony. Cecile Guidry did not testify. No receipts or cancelled checks were produced to prove the "community account." No note or mortgage was produced on the $30,000.00 debt, nor did Guy Guidry testify. No reasons were given for the failure of these people to testify. It was manifestly erroneous to include these debts in the list of the community debts in the absence of corroborating circumstances. See former LSA-C.C. art. 2277, now LSA-C.C. art. 1846.
Plaintiff also questions two open accounts to E. A. Cenac Towing, Inc. allegedly owed by Richard Cenac d/b/a Tarpon Towing.
Defendant testified that he owed E.A. Cenac Towing, Inc. a total of $84,000.00 on open account, $51,000.00 for tug rentals and $13,444.19 for employee advances. Evidence of debts to E.A. Cenac Towing, Inc. in the amount of $51,000.00 for tug rentals and $29,738.59 for employee advances was corroborated through the testimony of Charles LeCompte, E.A. Cenac Towing, Inc.'s bookkeeper. LeCompte also corroborated a debt of $3,761.59 representing the balance of a loan to defendant's business for insurance premiums. Defendant identified a note evidencing this debt, but it was not formally introduced into the record. Although the note is not in evidence, the testimony of Mr. LeCompte corroborates defendant's testimony as to this debt.[4]
In calculating these debts, the trial judge accepted the $51,000.00 figure for tug rentals and the $13,444.19 figure for employee advances. We cannot say that his calculations of these two debts are manifestly erroneous. However, we can find no reason for the trial judge to accept the combination of the testimony of defendant and LeCompte to support the open account debts, but not to accept the same testimony to support the $3,761.59 debt. This was manifestly erroneous and should have been included in the community debts.
Defendant also testified as to the existence of a $6,000.00 debt for a ¼ interest in a note and mortgage on Lot 3, Bayou Barataria Section. Although the note was not produced, the sale with mortgage document showing the debt was introduced. We find this to be sufficient corroboration under former LSA-C.C. art. 2277 to allow

*45
 Community Assets
Value of Community Assets
 found by trial court: $152,336.37
IRA: 7,196.74
Richard J. Cenac Special Account: 1,637.40
 ___________
Total Community Assets $161,170.51
 Community Debts
Open account to E.A. Cenac
 Towing by Richard Cenac
 d/b/a Tarpon Towing $ 13,444.19
Open account dated 8/1/78 to
 E.A. Cenac Towing 51,000.00
Balance of loan for insurance premiums 3,761.59
¼ interest in note dated 10/4/79
 secured by mortgage on Lot 3,
 Bayou Barataria Section 6,000.00
 ___________
 Total Community Debts $ 74,205.78
 Net Community Value $ 86,964.73

Thus, one-half of the value of the community at issue is worth $43,482.36. Plaintiff had to receive at least $32,611.77, or three-fourths of that half, or the settlement was lesionary.
Plaintiff received property worth $28,069.00, below the amount to which she was entitled. Clearly, the settlement was lesionary and must be rescinded and set aside. LSA-C.C. art. 1398.
Because of the above ruling to rescind and set aside the community property settlement, it is unnecessary to consider plaintiff's other assignments of error.
For the foregoing reasons, the judgment of the trial court is annulled and reversed. It is hereby adjudged, ordered, and decreed that the community property settlement entered into between Frances LeBlanc Cenac and Richard Joseph Cenac on July 7, 1981, is hereby set aside and found to have no legal effect. All costs of this appeal are to be paid by defendant, Richard Joseph Cenac. This matter is remanded to the trial court for further proceedings consistent with this opinion.

REVERSED AND REMANDED.
NOTES
[1] By Acts 1984, No. 331, LSA-C.C. art. 1861 was amended and reenacted, effective January 1, 1985. The subject matter of former LSA-C.C. art. 1861 is now found in LSA-C.C. art. 1965.
[2] Plaintiff argues that sixty shares of stock in E. A. Cenac Towing, Inc. transferred by her to defendant by an act of donation prior to their separation should be included in the community assets. She claims fraud and error in the act of donation. Plaintiff's petition, however, makes no such claim, so the act of donation is not at issue. Consequently, the stock is defendant's separate property and not properly included in the list of community assets.
[3] At the time of trial, former LSA-C.C. art. 2277 was in effect. Since that time, this article has been repealed and replaced by LSA-C.C. art. 1846, which states:

When a writing is not required by law, a contract not reduced to writing, for a price or, in the absence of a price, for a value not in excess of five hundred dollars may be proved by competent evidence.
If the price or value is in excess of five hundred dollars, the contract must be proved by at least one witness and other corroborating circumstances.
The articles are essentially the same for purposes of this case.
[4] A copy of a note by Tarpon Towing Co., Richard J. Cenac for $70,300.00 appears in the record. The note, however, is not identified nor is it attached to any document purporting to explain the debt it evidences.