552 So.2d 793 (1989)
James E. THOMAS
v.
Jenice Muse THOMAS.
CA 88 1508.
Court of Appeal of Louisiana, First Circuit.
November 15, 1989.
Xenia H. Tillery, Baton Rouge, for plaintiff-appellant.
Jeffery P. LeBlanc, Denham Springs, for defendant-appellee.
Before EDWARDS, LANIER and FOIL, JJ.
*794 FOIL, Judge.
This is an appeal from a judgment partitioning the community of acquets and gains which formerly existed between the parties.

FACTS
Jenice Muse Thomas and James E. Thomas were married on April 8, 1970, and established their domicile in Livingston Parish. Pursuant to a judgment of divorce rendered on June 11, 1986, the community of acquets and gains existing between them was terminated retroactive to August 1, 1984, the date of the filing of the separation petition. Since the parties were unable to amicably partition the community property, on August 19, 1986, Mr. Thomas filed a petition to partition the community property. Both parties submitted sworn detailed descriptive lists of assets and liabilities of the former community, as well as claims for reimbursement. After a trial of the matter, the trial court rendered a judgment of partition which valued the assets and recognized which party was in possession of some of those assets, determined the total value of the community assets and debts, and determined the amount each party is entitled to be reimbursed.[1]
It is from this judgment that Mr. Thomas brings the instant appeal, urging the following as error:
(1) The trial court erred in calculating the total amount of community assets owned in indivision by the parties and in failing to include in the calculation of total community debts the remaining mortgage indebtedness owed on the family home and lot; and
(2) The trial court erred in failing to allocate the community property pursuant to La.R.S. 9:2801 and award an equalizing sum to effect an equal division of the former community.

ASSIGNMENT OF ERROR NO. 1
Mr. Thomas does not disagree with the values placed on the community assets by the trial court. Rather, he claims the court erred in its calculation of the amount of the total assets. After adding the values of each asset, we conclude the trial court merely made a mathematical error. The total value of the community is $37,330.00, not $37,380.00 as stated in the judgment.
Next, Mr. Thomas claims the trial court erred in calculating the total community debts to be $15,285.00. Again, appellant is correct. The figure of $15,285.00 represents the total of both parties' claims for reimbursement. This amount is not an outstanding debt, but the sum of the community debts already paid by the spouses with their separate funds after the termination of the community. Introduced as a joint exhibit at trial was a letter from the Farmers Home Administration (FHA) specifying the pay-off amount of the mortgage on the lot and family home located thereon. The sum of $16,523.87 represents the correct amount of outstanding community indebtedness at the time of trial.

ASSIGNMENT OF ERROR NO. 2
Mr. Thomas contends the trial court erred in failing to allocate the community property and award an equalizing sum to effect an equal division of the former community. We agree. The trial court did not address itself to the issues of what disposition should be made of the community assets and which party should take responsibility for the community debts. Nor did the court take measures to establish an equal distribution between the parties.
La.R.S. 9:2801, which sets forth the procedure for partitioning community property, provides in pertinent part:
. . . . .

*795 (4) The court shall then partition the community in accordance with the following rules:
(a) The court shall value the assets as of the time of trial on the merits, determine the liabilities, and adjudicate the claims of the parties.
(b) The court shall divide the community assets and liabilities so that each spouse receives property of an equal net value.
(c) The court shall allocate or assign to the respective spouses all of the community assets and liabilities. In allocating assets and liabilities, the court may divide a particular asset or liability equally or unequally or may allocate it in its entirety to one of the spouses. The court shall consider the nature and source of the asset or liability, the economic condition of each spouse, and any other circumstances that the court deems relevant. As between the spouses, the allocation of a liability to a spouse obligates that spouse to extinguish that liability. The allocation in no way affects the rights of creditors.
In the event that the allocation of assets and liabilities results in an unequal net distribution, the court shall order the payment of an equalizing sum of money, either cash or deferred, secured or unsecured, upon such terms and conditions as the court shall direct. The court may order the execution of notes, mortgages, or other documents as it deems necessary, or may impose a mortgage or lien on either community or separate property, movable or immovable, as security.
(d) In the event that the allocation of an asset, in whole or in part, would be inequitable to a party, the court may order the parties to draw lots for the asset or may order the private sale of the asset on such terms and conditions as the court deems proper, including the minimum price, the terms of sale, the execution of realtor listing agreements, and the period of time during which the asset shall be offered for private sale.
(e) Only in the event that an asset cannot be allocated to a party, assigned by the drawing of lots, or sold at private sale, shall the court order a partition thereof by licitation. The court may fix the minimum bids and other terms and conditions upon which the property is offered at public sale. In the event of a partition by licitation, the court shall expressly state the reasons why the asset cannot be allocated, assigned by the drawing of lots, or sold at private sale.
This provision establishes an order of priorities to be considered by the trial court in allocating the assets and liabilities of the parties. After allocation, the trial court must equalize an unequal net distribution by ordering the payment of a sum of money. Such a determination is based, among other things, on the circumstances of the parties. The record is absent any evidence upon which this court could make these determinations and achieve a proper distribution. Moreover, it is incumbent upon the trial court to follow the procedure outlined in the statute. An appellate court can remand an action for proper consideration, when the record is so incomplete that the court is unable to pronounce definitely on the issues presented. St. Pierre v. St. Pierre, 479 So.2d 575, 577 (La.App. 1st Cir.1985); Crews v. Crews, 432 So.2d 377 (La.App. 1st Cir.1983). As we do not have sufficient evidence before us to make a proper distribution of this matter, we are forced to remand this case to the trial court for a proper completion of these partition proceedings in accordance with La.R.S. 9:2801.
For the above reasons, the judgment of the trial court is reversed and set aside and the matter is remanded to the trial court for further proceedings consistent with the law and the views expressed herein. Costs of this appeal are assessed equally between the parties.
REVERSED AND REMANDED
NOTES
[1] In brief to this court, appellee, Mrs. Thomas, asks that the amount of reimbursement owed her be increased to reflect the mortgage payments (a community debt) she has made with her separate funds since the date of trial until actual partition of the community property. An appellate court may not consider facts referred to in brief which are not in evidence of record. Capital Drilling Company v. Graves, 496 So.2d 487, 489 (La.App. 1st Cir.1986). Moreover, appellee neither appealed nor answered the appeal. We will not consider complaints contained in brief as we may not modify the judgment in appellee's favor due to her failure to do so. La.Code Civ.P. art. 2133.