JjFITZSIMMONS, Judge.
Cathy Marie Portier Bourg (hereinafter referred to as Mrs. Portier) appeals from a court ordered partition of community property between herself and Rickey James Bourg (hereinafter referred to as Mr. Bourg), ap-pellee. Mrs. Portier assigns the following errors in the court’s allocation:
1) The court’s valuation of the stock of C & R Trawlers, Inc.
2) The court’s valuation of the Shrimper’s Row property assigned to Cathy by Mr. Portier.
3) The court’s finding that the sum of $4,503.55, which was advanced to the parties by Mr. And Mrs. Laddie Portier, was a gift.
4) The court’s valuation of the 1989 Suburban vehicle.
Mr. Bourg answered the appeal, alleging that it is frivolous. He seeks damages and' an order by this court that Mrs. Bourg be condemned to pay the legal costs of the trial and the instant appeal.

LADDIE PÓRTIER’S ADVANCEMENT OF $1,503.55

The trial court held that the sum of $4,503.55 from Mr. and Mrs. Laddie Portier was a gift. The record supports a reasonable basis for the trial court determination.
In findings of fact and reasons for judgment, the trial court specifically reviewed the testimony surrounding the issue of Mr. Laddie Portier’s intent when he had advanced the amount of $4,503.55. The court concluded from the testimony that Mr. Portier had intended the advancement to be a gift at the time that the monies were initially bestowed. The testimony of Mr. Portier was to the effect that, prior to the circumstances surrounding the divorce, he had intended to “forgive” the loan.
13A trial court’s factual finding will not be disturbed on appeal in the absence of manifest error. For an appellate court to reverse a trial court’s factual finding, it must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and that the record establishes that the finding was clearly wrong. Stobart v. State, Through Department of Transportation and Development, 617 So.2d 880, 882 (La.1993). Where two permissible views of the evidence exist, the fact finder’s choice between them cannot be clearly wrong. Sto- *61 bart, 617 So.2d at 882-883. We do not find that the trial court’s finding in this instance was clearly wrong or manifestly erroneous. See also Bridges v. Bridges, 96-1191, pp. 5-6 (La.App. 3rd Cir. 3/12/97); 692 So.2d 1186, 1189.

SHRIMPER’S ROW

The trial court assessed the Shrimpers’ Row properties at a value of $3,800.00 and $25,200.00 respectively. Mrs. Portier’s failure to identify the alleged error in the valuation[2], combined with a record that provides a reasonable factual basis for the trial court’s findings, results in a denial of this assignment of error. Id.

C&R TRAWLERS, INC.

The trial court assessed a net value of $59,497.00 for 100 shares of stock of the closely held family corporation, C&R Trawlers, Inc. It is undisputed that the purchase price was $105,000.00, with an appraised value of $130,000.00. Laddie Portier, who loaned the corporation the funds to purchase the boat, testified that the balance of the preferred ship mortgage on the date of the trial was $59,503.00[3]. The court determined Lthat there was no evidence of any profit for the past two years for C & R Trawlers, Inc.
On appeal, Mrs. Portier contests the court’s failure to conclude that C&R Trawlers, Inc. operated at a $10,131.50 profit based upon a large mortgage payment in 1996. She urges that the combined testimony of Mr. Bourg and Mr. Portier reveals a total of $20,263.00 in mortgage payments in a three-month period. It is asserted that the payment of this large sum should be computed to establish an overall profit for that period of time, based upon the financial structure of the business. These figures in and of themselves are not, however, conclusive evidence of the realization of a profit by the corporation.
There was insufficient evidence presented at trial to demonstrate that C&R Trawlers, Inc. operated at a profit during the year of 1996. Mr. Bourg testified that the corporation did not show a profit during 1995. He stated that it was operating at a loss in 1996 as of the time of the trial. The trial court’s determination that the value of the corporation would be calculated by the value of the corporate owned boat, minus its debts, is not manifestly erroneous.
We do find one legal error in the court’s calculations. In determining the value of C & R Trawlers, Inc., the trial court included a $7,000.00 loan by Rickey Bourg to the corporation. Mr. Bourg stated that he had advanced the corporation $7,000.00, which had been derived from his disability payments; however, he did not submit any evidence of the existence of the loan in addition to his verbal testimony.
Louisiana Civil Code article 1846 requires additional “corroborating circumstances” to prove an obligation valued in excess of $500.00. The failure to corroborate the testimony as |sto the debt presents no evidentiary value to the court. There must be some indicia of evidence above and beyond the testimony of one witness to comply with the legal requisites of La.C.C. art. 1846. Cenac v. Cenac, 492 So.2d 39, 44 (La.App. 1st Cir.1986).
We note that the testimony and assertion by Mr. Bourg was- undisputed at trial. Moreover, the courts have broadly interpreted the requirement of corroborating evidence. Notwithstanding these considerations, the definition of La.R.S. art. 1846 has not been extended to the point at which Mrs. Portier’s failure to dispute the existence of the debt at trial would constitute the necessary “corroborating circumstances” required pursuant to the code article’s dictates.
Accordingly, the trial court committed legal error in including this sum of $7,000.00 as a debt of the corporation in favor of Mr. Bourg. Id. The valuation of C & R Trawlers, Inc. is amended to the sum of $66,497.00 to exclude the subtraction of the sum of *62 $7,000.00 as a loan of Mr. Bourg’s separate property.

1989 SUBURBAN

Mr. Bourg’s amended sworn descriptive list establishes the value of the 1989 suburban to be $11,200.00. Mrs. Portier does not dispute that the book value of the vehicle was $11,200.00; however, she testified at court that the manager of Trapp Chevrolet offered her only $4,000.00 for the suburban vehicle if she traded it in. The trial court ascribed a value to the vehicle of $6,500.00.
Given the discrepancy in the parties’ testimony, we do not find that the court manifestly erred in its valuation of the van between the monetary sums related in testimony.

FRIVOLOUS APPEAL

|6The imposition of damages for a frivolous appeal is regulated by La.C.C.P. art. 2164. Such damages will not be awarded unless it is clear that the appeal was taken solely for the purpose of delay or that appellant’s counsel is not serious in the position advocated. Fisk v. Mathews, 525 So.2d 223, 227 (La.App. 1st Cir.1988). Moreover, damages for frivolous appeals are penal in nature; therefore, they must be strictly construed. Kambur v. Kambur, 94-775, p. 10 (La.App. 5th Cir. 3/1/95); 652 So.2d 99, 104. The mere fact that an argument does not have merit does not render an appeal frivolous. Michael v. Michael, 602 So.2d 1099, 1103 (La.App. 1st Cir.1992). In the instant case, Mrs. Portier presents valid arguments challenging the trial court’s decisions vis-a-vis the 1989 suburban and C & R Trawlers, Inc. We do not find that the appeal was taken solely for delay or that counsel was not resolute in the position asserted. Accordingly, damages for frivolous appeal are denied.

CONCLUSION

The judgment appealed to this court is amended to reflect a valuation for C & R Trawlers, Inc. of $66,497.00. In all other respects, the judgment is affirmed. Damages for frivolous appeal are denied. All costs of this appeal are to be borne equally by Mrs. Portier and Mr. Bourg.
AMENDED IN PART, AND AS AMENDED, AFFIRMED.

. Assignments of error that are specified but not briefed by an appealing party may be considered as abandoned pursuant to Uniform Rules of Court 2-12.

. The agreement at the time of the loan was that Mr. Portier would receive 40% of the catch after expenses until the loan had been repaid.