BYRNES, Judge.
Defendant Kevin Barkemeyer appeals from a judgment in rule of the district court which awarded the plaintiff Cheryl Johnson Barkemeyer the sum of $2,000 in past due alimony.[1] We amend and affirm the judgment in rule.
The sole issue before the court is whether the trial court judge erred in calculating the sum of past due alimony owed by the defendant to the plaintiff.
The pertinent facts as revealed by the record‘are as follows:
On June 2, 1986 plaintiff Cheryl Barkem-eyer filed a suit for separation which was served on Kevin Barkemeyer on June 13, 1986. (Docket No. 86-9829) Thereafter the parties attempted a reconciliation and the suit was dismissed without prejudice on July 23, 1986.
On October 9, 1986, plaintiff again filed suit for separation on the basis of abandonment of the defendant and non-reconciliation by the parties. (Docket no. 86-18304). The petition was served on October 16, 1986. The defendant filed an answer and reconventional demand on the basis of cruel treatment on October 27, 1986. These pleadings were served on October 31, 1986.
On November 3, 1986 the defendant consented to pay alimony pendente lite of $425.00 per month. On June 25, 1987 Mr. Barkemeyer obtained a default judgment of divorce against his former wife on the basis of the couples physical separation for over one year. (Docket 87-9474)
The plaintiff on August 21, 1987 filed a rule for contempt alleging that, as of the date of this filing, defendant was in arrears in the amount of $850.00. On September 2, 1987 defendant excepted to the rule for contempt and alleged that no cause of action existed because a final judgment of divorce was rendered on June 25, 1987, which terminated defendant’s obligation to pay alimony pendente lite. (Docket No. 87-9474).
On January 19, 1988 plaintiff filed a rule for permanent alimony (Docket No. 86-18304). The matter was tried January 26, 1988 and a judgment rendered January 29, 1988 fixing permanent alimony at $300.00 per month and finding both parties free from fault in the break up of the marriage (Docket Nos. 86-9829 and 18304). The judgment is silent as to the effective date of the permanent alimony award.
On June 24, 1988 plaintiff filed a rule to increase alimony and rules for contempt and the payment of past due alimony. (Docket Nos. 86-9829 and 18304). In the rule seeking payment of past due alimony, plaintiff alleged- the defendant was in arrears in the amount of $3,911.25 and she sought to have this sum made executory.
On August 19, 1988 the court heard the rule for the payment of past due alimony and continued the rules to increase alimony and for contempt. A judgment was rendered on September 20, 1988 which made executory past due alimony in the amount of $2,000. The court ordered the sum of $500.00 paid by September 1, 1988 with the balance of $1,500.00 payable within 90 days of the rule date. Defendant appeals this judgment devolutively.
On appeal the defendant argues that the trial court erred in computing the arrearage owed by him. Mr. Barkemeyer *839 contends that the amount of his arrearage is $500.00 and not the $2,000 as found by the trial court judge. He reasons that the sum of $500.00 is comprised of $200.00 owed for October, 1987 as per the parties prior consent, and $300.00 for February 1988, which constitutes a prospective application of the trial court judgment of permanent alimony. Mr. Barkemeyer contests the sums of $300.00 per month allegedly owed for July, August, November and December, 1987 and January, 1988, as being an erroneous retroactive application of the permanent alimony judgment.
Mrs. Barkemeyer concedes that alimony pendente lite automatically terminated with the judgment of divorce on June 25, 1987 but she argues that the trial judge, in rule, did not err in making the permanent alimony award retroactive to the date of the divorce (i.e., the date of termination for alimony pendente lite), as this action reflected the clear intent of the parties and was within the discretion of the trial court, considering the particular circumstances of this case.
Alimony pendente lite terminates with a divorce. Lewis v. Lewis, 404 So.2d 1230 (La.1981); Holliday v. Holliday, 358 So.2d 618 (La.1978); Braning v. Braning, 449 So.2d 670 (La.App. 4th Cir.1984).
The parties are in accord that the plaintiff’s right to alimony pendente lite terminated with the divorce. They disagree, however, as to the effective date of the permanent alimony award and whether the non-awarding judge, acting on a rule to make past due alimony executory, could give retroactive effect to the judgment for permanent alimony, where that judgment is silent as to its effective date.
The court awarding the judgment of alimony or the court acting on a rule to collect arrearages of the alimony (where the original judgment of alimony is silent, as to its effective date) may make the award retroactive to a selected date. See: Key v. Willard, 488 So.2d 1147 (La.App. 2d Cir.1986).
The trial judge has discretion in setting the effective date of an alimony award depending upon the particular circumstances of the case. Anderson v. Anderson, 441 So.2d 413 (La.App. 4th Cir.1983). In this case there exists compelling reasons for the retroactive application of the award of permanent alimony. The record reflects that the plaintiff is suffering from multiple sclerosis complicated by epilepsy. It is a progressive and debilitating condition which precludes plaintiff’s gainful employment. Her sole source of income is the net sum of $376.00 which she receives from social security. Thus, under the particular circumstances of this case we find no abuse of discretion by the trial judge, in rule, in giving the permanent alimony judgment retroactive effect, where the original permanent alimony judgment was silent as to its effective date.
In considering the correctness of the trial court’s calculation of the arrearage we must next determine whether the date chosen by the trial judge for the commencement of permanent alimony is correct.
Louisiana Revised Statute, Title 9 Section 310 provides for the retroactivity of alimony awards and we find it controlling in this case. The statute provides, in pertinent part:

La.R.S. 9:310 Retroactivity of child support and alimony order

A. An order for child support or alimony shall be retroactive to the filing date of the petition for child support or alimony granted in the order.
* * * * * *
C. In the event the court finds good cause for not making the award retroactive, the court may fix the date such award shall become due.
The trial court, in this case, gave the permanent alimony judgment retroactive effect back to June 25,1987, which was the date the divorce was rendered and alimony pendente lite ceased.
On appeal Mr. Barkemeyer argues that it was error for the court to give the alimony judgment retroactive effect. He further argues that in no case, should the judgment for permanent alimony been made *840 retroactive beyond January 19, 1988, which was the date his former wife filed her rule for permanent alimony.
Mrs. Barkemeyer argues, however, that the effective date of the commencement of permanent alimony should be August 19, 1987, which is the date of her original rule for contempt. She reasons that it was the intent of the parties that permanent alimony was to be established at the hearing on the rule for contempt.
We find Mrs. Barkemeyer’s argument to be persuasive. The record reflects that Mrs. Barkemeyer filed a rule for contempt on August 19, 1987 seeking alimony from July, 1987. The matter was originally to be heard September 8, 1987 but was reset for hearing on November 4,1987, and finally heard January 26, 1988. In brief, Mr. Barkemeyer admits that the November 4, 1987 hearing “would be for a Rule to Establish Permanent Alimony ..(Pages 3 & 8). This being the case, it was the intent of the parties that the rule for contempt was to also include a determination of the issue of permanent alimony. As such, we find the wife’s rule for permanent alimony, filed January 19, 1988, was merely an amendment to and relates back to the date the rule for contempt was filed, namely August 19, 1987. See: La.C.C.P. Art. 1153.
Since the effective date for retroactivity of an alimony order is “the filing date of the petition for alimony” and since Mrs. Barkemeyer’s petition was originally filed August 19, 1987, we find that the permanent alimony judgment should commence from August, 1987. As such, the trial judge erred in giving the permanent alimony judgment retroactive effect back to June 25, 1987.
Accordingly, the judgment of the trial court on the rule to make past due alimony executory is amended to award Cheryl Johnson Barkemeyer as against Kevin B. Barkemeyer the full sum of One Thousand Seven Hundred and No/100 ($1,700.00) Dollars. As amended, the judgment of the trial court in rule is affirmed, at appellant’s costs.
AMENDED AND AFFIRMED.

. Although the rule before the court sought past due alimony, an increase in alimony and a contempt order, all matters except the rule for past due alimony were continued.