JgPETTIGREW, J.
In this case, defendant appeals from an adverse judgment whereby the trial court *691 ruled against defendant on issues including child support, the fair market rental value of the former family home, and defendant’s request for rental reimbursement. For the reasons that follow, we amend, and as amended, affirm.
FACTS AND PROCEDURAL HISTORY
Plaintiff, Susan Racca, and defendant, Michael Ray Racca, were married on December 14, 1990, in Rayne, Louisiana, and established their last matrimonial domicile in St. Tammany Parish. Of this marriage, one child was born, Sean Stephens Racca. In October of 1997, Susan petitioned for divorce, requesting, among other things, child support for the minor child and exclusive use of the former family home, pending the sale of said property.
A hearing on Susan’s petition was scheduled for December 17, 1997, at which time the parties entered into a stipulation. It was agreed that the parties would be awarded joint custody of the minor child, that Susan would be designated as the domiciliary parent, and that Michael would enjoy stipulated visitation and liberal phone access. There was also a stipulation “that there be no overnight guests of the opposite sex who are unrelated during either parties [sic] custody or visitation with the minor child.” The parties also agreed that Susan would be granted the exclusive use of the former family home, and that Michael would pay monthly child support in the amount of $312.00. Finally, the parties agreed that Michael would furnish proof of his income to Susan on a monthly basis.
According to the transcript of the December 17, 1997 hearing, only Susan was represented by counsel. The stipulation was read into the record by Susan’s counsel, after which the court questioned both Susan and Michael as to their understanding of the agreement. Both Susan and Michael indicated that they understood and agreed with the stipulation. On May 8, 1998, the trial court signed a judgment in accordance with the above stipulations. Thereafter, on July 2, 1998, a judgment of divorce was rendered pursuant to La. Civ. Code art. 102.
1^Approximately one year later, Michael filed a petition requesting judicial partition of the community. Michael also sought immediate and exclusive use and occupancy of the former family home, or in the alternative, rental reimbursement for Susan’s use and occupancy of the former family home subsequent to the divorce. Thereafter, Susan filed a rule seeking an increase in child support and for contempt. In a preliminary hearing on these matters conducted on April 20, 1999, Michael’s counsel stipulated for the record that Michael was abandoning his request for the exclusive use and occupancy of the former family home but reserving his right to argue the issue of rental reimbursement at a later date. The trial court considered the issue of an increase in child support and on April 27, 1999, issued an interim order that it be set at $600.00 per month, pending the final hearing. The remaining issues were continued to the next hearing date, May 11,1999.
According to the transcript of the May 11, 1999 hearing, the trial court heard from several witnesses, including Susan and Michael, both of whom were represented by counsel at the time. The parties stipulated that the amount of the mortgage note on the former family home was $575.00. The parties could not, however, agree on a fair market rental value for the house. After hearing the evidence, the trial court ruled from the bench as follows: (1) the court increased the child support award to $600.00, retroactive to the date of the original judgment, May 8,1998; (2) the court found Michael in contempt of court for failing to provide information regarding his income as required by the May 8, 1998 judgment and for violating the court’s order regarding overnight guests in the house during visitation with the minor child; (3) the court granted a restraining order against Michael prohibiting him *692 from transporting his son on a motorcycle; (4) the court set the fair market rental value of the former family home at $600.00 per month; and (5) the court ordered that Michael maintain health insurance on the minor child and cover 66 percent of any uncovered medical expenses. The court took the issue of rental reimbursement under advisement. A judgment (hereinafter referred to as “the first judgment”) reflecting the court’s orders as outlined above was filed into the record on May 18, 1999, for the trial court’s signature.
^Subsequently, on May 20, 1999, the trial court issued reasons for judgment regarding the rental reimbursement issue indicating that Michael was “not entitled to an award for rental reimbursement for plaintiffs use and occupancy of the former family home.” A judgment (hereinafter referred to as “the second judgment”) in this regard was filed into the record on May 28, 1999, for the trial court’s signature.
The trial court signed both of these judgments on June 1, 1999. Thereafter, Michael appealed both judgments. In this appeal, Michael attacks the first judgment, assigning the following specifications of error:
1.) The Court was in error and/or abused its discretion in denying Mr. Racca’s rule for reasonable rental reimbursement to the community, and to him as a co-owner, for the exclusive use and occupancy of the house by the other co-owner.
2.) The Court was in error in finding the fair market rental value to be an amount other than that established on the record.
3.) The Court was in error in awarding an increase in child support retroactive to May 8, 1998 when the rule seeking the modification/increase in child support was filed on March 25,1999.
Separately, Michael appeals the trial court’s second judgment. See this court’s opinion in Racca v. Racca, No. 99 CA 2949, also decided this date.
RENTAL REIMBURSEMENT
In his first assignment of error, Michael alleges that the trial court erred in denying his rule for reasonable rental reimbursement for Susan’s exclusive use and occupancy of the former family home. The statutory authority for charging a spouse with the rental value of the family home associated with the exclusive use and occupancy of the home is found in La. R.S. 9:374 C, which provides as follows:
C. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
It is well settled that when there is no evidence of court ordered rent or an agreement between the parties, the occupying spouse is not liable for rent. See McElwee v. McElwee, 93-1010 (La.App. 1 Cir. 8/17/94), 649 So.2d 975; | s’Wochomurka v. Wochomurka, 552 So.2d 405 (La.App. 1 Cir.1989). In McElwee, we affirmed the trial court’s refusal to award back rental payments to a spouse where there was no evidence that the parties agreed to rental payments or that rental payments were ordered by the court. McElwee, 93-1010 at 7, 649 So.2d at 979. Similarly, in Wochomurka, there was no evidence that the parties agreed to or that the court ordered rental payments and therefore, such payments were not awarded even though the parties had agreed that Ms. Wochomurka would be allowed to remain in the family home. Wochomurka, 552 So.2d at 406.
In the instant case, there is no evidence that the parties agreed to rental payments or that rental payments were ordered by the court. Rather, the record is clear that *693 at the hearing on December 17, 1997, the parties stipulated Susan would be granted the exclusive use and occupancy of the former family home. The stipulation by the parties was silent on the issue of rental payments.
Michael argues on appeal that the case of Cryer v. Cryer, 96-2741 (La.App. 1 Cir. 12/29/97), 706 So.2d 167, supports his position that rental reimbursement can be awarded at any time the court reconsiders use and occupancy of the family home. In Cryer, we found that La. R.S. 9:374, when read in its entirety, authorizes the court to reconsider its grant or denial of use and occupancy of the family home, and at that time, to likewise reconsider the issue of rental payments. Cryer, 96-2741 at 8, 706 So.2d at 171. Thus, if a party files a rule for the exclusive use and occupancy of the family home after an initial ruling on the issue has been made, the court can not only reconsider the issue of the use and occupancy of the family home, but it can also reconsider the issue of rental payments.
In the instant case, Michael filed a petition in which he sought immediate and exclusive use and occupancy of the former family home, and in the alternative, requested rental reimbursement for Susan’s use and occupancy of the former family home. At the April 20, 1999 hearing, Michael’s counsel stipulated for the record that Michael was abandoning his request for the exclusive use and occupancy of the former family home. He did, however, reserve his right to argue the issue of rental reimbursement at a later |6date. This was even noted by the court in its April 27, 1999 interim order as follows: “IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Michael Ray Racca’s rule for exclusive use of the family home is hereby dismissed, with Michael Ray Racca’s rule for rental reimbursement being continued and reset on the next available date on the Court’s calendar.”
Although the facts of this case are somewhat distinguishable from the facts of Cryer, we believe by analogy, our holding in Cryer does provide support for Michael’s argument in this regard. For whatever reasons, Michael chose not to litigate the issue of the use and occupancy of the former family home. Perhaps he knew he could not prevail when the “best interest of the family” was considered by the court. See La. R.S. 9:374 B. Nonetheless, Michael did reserve his right to litigate the issue of rental reimbursement and was entitled to be heard regarding same. Michael’s request was considered by the trial court and denied. We have reviewed the record and find no error by the trial court in its failure to award rental reimbursement to Michael. Michael did not introduce sufficient evidence to justify an award for rental reimbursement. This assignment of error lacks merit.
Having determined that the trial court was correct in denying Michael’s request for rental reimbursement, it is unnecessary for this court to address Michael’s second assignment of error, i.e., whether the trial court was in error in finding the fair market rental value of the former family home to be an amount other than that established on the record, because this issue is now moot. Thus, our analysis now turns to Michael’s final assignment of error.
RETROACTIVITY OF CHILD SUPPORT ORDER
In assignment of error number three, Michael asserts that the trial court was in error in awarding an increase in child support retroactive to May 8, 1998, when the rule seeking the modification in child support was filed on March 25, 1999. Michael contends that based on La. R.S. 9:310, an order for child support shall be retroactive to the filing date of the petition for the child support granted in the order.
|7At the May 11, 1999 hearing, both Susan and Michael answered questions relative to the issue of child support. Susan *694 was asked if Michael had provided her with monthly proof of employment as he was ordered to do in the May 8, 1998 judgment. She indicated that not only had Michael failed to inform her that he had begun a new job, but that he had intentionally concealed his employment information from her. Because of Michael’s actions in this regard, Susan requested that she be awarded an increase in child support retroactive to when he was first employed at his new job.[2]
According to Michael’s testimony, he was never aware that he was required to provide Susan with monthly proof of income. When Susan’s counsel asked Michael what his understanding was in this regard, he responded, “I was never aware that I had to do that. When you, Susan and myself sat down and talked about all kind of stuff ... I didn’t have an attorney. You had me so confused I don’t know what you did. You totally pulled the wool over my eye.” Michael acknowledged that he began working for Odyssey Resource Management, Inc. in May of 1998, but maintained that he had informed Susan of his new job in May of 1998.
After hearing the evidence, the trial court ruled from the bench but failed to provide any extensive reasons for its findings. The court ordered Michael to pay child support in the amount of $600.00 per month. The court further ordered that the award be made retroactive to May 8,' 1998, the date of the original judgment, rather than March 25, 1999, the date of Susan’s petition for an increase in child support.
As set forth in La. R.S. 9:310, an order for spousal support shall be retroactive to the date of the filing of the action, unless the court finds good cause for not making the award retroactive, in which case the court may fix the date such award shall become due. Thus, courts have some discretion to limit or bar the retroactive scope of a modification of |Ra support order. Lloyd v. Lloyd, 94-0421, p. 6 (La.App. 1 Cir. 12/22/94), 649 So.2d 32, 35.
Although the courts have some discretion in this regard, there is nothing in Louisiana jurisprudence to support what the trial court did in the instant case, i.e., order that a support award be retroactive to a date prior to the date of demand for same. A trial court’s award of child support is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion. State Department of Social Services, OFS v. Rodell, 98-0093, p. 3 (La.App. 1 Cir. 5/18/99), 733 So.2d 1247, 1249. However, this same leeway is not afforded by La. R.S. 9:310. In fact, the language found in La. R.S. 9:310 A, “shall be retroactive,” denotes a mandatory duty. La. R.S. 1:3. This statute mandates that in the absence of good cause, an award for child support or alimony must be retroactive to the date of demand for same. Thus, while a court may, in its discretion, limit or bar the retroactive scope of a modification of a support order, there is no legal authority for going beyond the filing date of the petition.
Based on our review of the record in the instant case and the applicable law and jurisprudence, we conclude that the trial court’s decision to make the child support award retroactive to a date prior to the date of demand for same was legal error. Accordingly, the court’s judgment is amended to make the child support award *695 retroactive to March 25, 1999, the date of judicial demand.
CONCLUSION
For the above and foregoing reasons, the trial court’s judgment is amended to reflect that Michael’s child support obligation in the amount of $600.00 per month is retroactive to March 25, 1999. As amended, the judgment is affirmed. Costs associated with this appeal are assessed equally as to defendant/appellant, Michael Ray Racca, and plaintiff/appellee, Susan Racca.
AMENDED, AND AS AMENDED, AFFIRMED.

. We note that in its May 8, 1998 judgment, the court did not address the issue of relitigat-ing the child support award. Rather, the court simply set a specific amount and ordered Michael to provide Susan with monthly information regarding his income. Michael failed to comply with the court’s order and was clearly in contempt in this regard. However, it was incumbent upon Susan to come forward with a rule for contempt and/or a rule for increase in child support when she realized that Michael was concealing his employment information from her. Susan testified that Michael never informed her of his new job. Yet, it was not until some ten months after the May 8, 1998 judgment that Susan filed a rule for increase in child support and for contempt.