ROLAND L. BELSOME, Judge.
 

 | iThis appeal arises from the granting of an exception of prescription in favor of the defendant Lexington Insurance Company (Lexington).
 

 On June 16, 2003, Evelyn Dewailly filed a petition for damages in Civil District Court for the Parish of Orleans. The petition alleged that on or about June 15, 2002, Mrs. Dewailly sustained injuries when she fell while visiting her daughter’s home.
 

 In response to the petition for damages, Lexington filed an exception of prescription. The exception asserted that Mrs. Dewailly had filed presumably the identical lawsuit in St. Tammany Parish alleging the date of her fall was May 1, 2002. Lexington attached the St. Tammany Parish petition for damages as an exhibit to its exception. Numerous other documents including medical records were attached to the exception in order to establish that the date on the Orleans Parish petition for damages was incorrect and that Mrs. De-wailly’s cause of action was indeed prescribed.
 

 After hearing counsels’ argument on the exception of prescription, the trial court ordered an evidentiary hearing. On February 2, 2007, Mrs. Dewailly, eighty-|one2 years of age at the time, took the stand and testified that she had no independent knowledge of the exact date of the accident. Considering Mrs. Dewailly was called upon to recall an exact date from approximately five years earlier, it does not surprise this Court that her testimony was inconclusive. Unfortunately, her testimony was the only evidence offered by Lexington at the evidentiary hearing. The exhibits attached to the memorandum filed by Lexington were never offered and entered into evidence either at the initial hearing on the exception or at the eviden-tiary hearing.
 

 It is well established that the exceptor carries the burden of proof at the trial on the exception of prescription.
 
 [1]
 
 When addressing the contents of case records on review, the Supreme Court’s directive is clear; “[ejvidence not properly and officially offered and introduced cannot be considered, even if it is physically placed in the record.”
 
 [2]
 
 “Documents attached to memoranda do not constitute evidence and cannot be considered as such
 
 *370
 
 on appeal.”
 
 [3]
 
 “In the absence of evidence, the exception of prescription must be decided on the facts alleged in the petition, which are accepted as true.”
 
 [4]
 

 The record establishes that the petition for damages was filed on June 16, 2003, by Mrs. Dewailly alleging that on or about June 15, 2002, she fell and sustained injuries in her daughter’s home. June 15, 2003 was a Sunday, which is a |3legal holiday.
 
 [5]
 
 Clearly this case is not prescribed on the face of the petition and there is no evidence in the record to contradict the allegations within the petition. Therefore we must find that the trial court erroneously granted the exception of prescription.
 

 On the record before us, we reverse the trial court’s granting of the exception of prescription and remand for further proceedings.
 

 REVERSED AND REMANDED.
 

 [1]
 

 .
 
 Adams v. O’Connell,
 
 2006-0139, p. 4 (La.App. 4 Cir. 3/28/07), 955 So.2d 722, 725.
 

 [2]
 

 .
 
 Denoux v. Vessel Management Services, Inc.,
 
 2007-2143, p. 6 (La.5/21/08), 983 So.2d 84, 88.
 

 [3]
 

 .
 
 Id.
 

 [4]
 

 .
 
 Id.,
 
 citing
 
 Cichirillo v. Avondale Industries, Inc.
 
 2004-2894 (La. 11/29/05), 917 So.2d 424, citing
 
 Waguespack v. Judge,
 
 04-0137 (La.App. 5th Cir.6/29/04), 877 So.2d 1090.
 

 [5]
 

 . La. R.S. 1:55.