MAX N. TOBIAS, JR., Judge.
 

 |, This is a post-divorce matter. The defendant, Malcolm John Rebennack (“Re-bennack”), appeals the trial court’s granting of a motion for partial new trial filed by his former wife, the plaintiff, Sarah Reva Kaye (“Kaye”),
 
 [1]
 
 because it made the 9 July 2009 judgment awarding an increase in spousal support payments to Kaye retroactive to 7 May 2007. For the following reasons, we reverse and hold that pursuant to La. R.S. 9:321, the trial court’s judgment awarding Kaye an increase should have properly been made retroactive to 6 April 2009, the date of judicial demand.
 

 Rebennack and Kaye were married in 1987. While the parties were legally divorced in 1996, by agreement they consented to the termination of their community of acquets and gains as of April 1994. The 1996 divorce judgment, entered into by the consent of both parties, awarded
 
 *1278
 
 Kaye $2,200.00 per month in permanent spousal support, together with certain medical expenses to be paid |2directly by Rebennack.
 
 [2]
 
 Pursuant to the judgment, either party was allowed to file a rule to modify the support payments after January 1998 without demonstrating a change in circumstances. In August 1998, a supplemental consent judgment was rendered whereby Rebennack agreed to continue paying for Kaye’s psychotherapy treatment, medication, and other related expenses up to an additional $6,000 per an-num. No other support judgments were rendered in this case.
 

 The record reflects that in 2001, Reben-nack voluntarily began reimbursing Kaye for all of her medical and transportation expenses. The payments were made to Kaye through Rebennack’s CPA.
 
 [3]
 
 In a letter dated 1 December 2006, Rebennack, through his counsel of record, wrote a letter to Kaye’s counsel advising that as of 1 January 2007, Rebennack would increase Kaye’s monthly support payment from $2,200 to $3,500, but would no longer reimburse her for any other expenses.
 

 On 7 May 2007, Kaye filed an “Emergency Rule to Show Cause & Reinstate Medical Treatment Unilaterally Terminated by Mac Rebennack” (“Rule to Reinstate Medical Treatment”), which was originally set for hearing on 15 May 2007.
 
 [4]
 
 The rule, which stated that there was no “current order for alimony and support,” urged the court to order Rebennack to “reinstate and reimburse payment for her medical treatment, and for her other basic necessities— as she has been and is physically disabled — which he and his representatives unilaterally discontinued as of January, 2007.” In response, on 19 June 2007, Re-bennack filed an Exception |sof No Cause and/or Right of Action to Kaye’s Rule to Reinstate Medical Treatment asserting that an order of support contained in the 1996 divorce judgment remained in effect and was continued and perpetuated in the 1998 supplemental consent judgment. Re-bennack argued that La. C.C. art. 116 provided the exclusive methods by which the obligation of “final spousal support” may be modified: either by judgment, authentic act, or act under private signature — none of which were alleged to have occurred, or had, in fact, actually occurred. The record on appeal does not indicate that Rebennack ever moved to have this exception set for hearing.
 

 Kaye’s Rule to Reinstate Medical Treatment, after being set and re-set on three separate occasions, was finally scheduled to be heard on 27 June 2007, however, no judgment exists in the record pertaining to Kaye’s rule or disposing of Rebennack’s exception.
 
 [5]
 
 According to the parties, the judge conducted an
 
 “in camera
 
 ” discussion of the entire matter.
 
 [6]
 

 
 *1279
 
 No further action was taken on Kaye’s behalf relating to her 7 May 2007 request to reinstate reimbursement for medical treatment. Nearly two years later, on 6 April 2009, Kaye, through different counsel, filed a Motion to Enforce Consensual Agreement, For Retroactive Reimbursement and For Damages and, or Alternatively, Rule to Modify Post-Divorce Alimony (“Rule to Modify Spousal Support”). Kaye maintains that this pleading was a “supplement” to her original 14motion made nearly two years earlier on 7 May 2007, which motion she contends constituted a request for an increase in post-divorce spousal support.
 

 Rebennack responded by filing a second Exception of No Cause of Action directed to Kaye’s attempt to have the court enforce the consensual agreement averring that his prior reimbursement was voluntary and that no enforceable agreement pursuant to La. C.C. art. 116 had been alleged or could be proven.
 
 [7]
 
 Further, Re-bennack argued that Kaye’s alternative request for modification was her first request for a modification or increase of the earlier support judgment or otherwise to place a comprehensive review of Kaye’s support needs at issue before the court.
 

 On 1 May 2009, Kaye filed a Voluntary Petition for debtor relief under Chapter 7 of the United States Bankruptcy Code. Thereafter, but prior to the hearing on Kaye’s rule, Rebennack filed a Notice of Removal to bankruptcy court. The bankruptcy court eventually remanded the matter to state court and Kaye’s rule was reset for trial accordingly.
 

 The hearing on Kaye’s motion setting forth alternative theories of enforcement of the alleged agreement or modification of the support award and Rebennack’s exception proceeded to trial on 25 June 2009. The trial court rendered its judgment on 9 July 2009, sustaining Rebennack’s exception of no cause of action on the grounds that the record lacked evidence establishing that a judgment modifying the previous support award had been entered or that Rebennack had acknowledged or ratified any alleged oral agreement to reimburse |sKaye for continued medical and related expenses as is required by La. C.C. art. 116 to establish modification of a support obligation. Further, the trial court awarded an increase in monthly spousal support payments to $5,000 in favor of Kaye providing that “[t]his award shall be retroactive to the date of the request for increase.”
 

 Both parties filed motions for new trial. On 24 August 2009, the trial court denied Rebennack’s motion and granted Kaye’s motion for partial new trial solely “insofar as to clarify that the retroactivity of the Court’s original judgment is to May 7, 2007,” which the court determined was the date Kaye initially requested an increase in support. It is from this judgment that Rebennack timely filed the instant appeal. Kaye neither appealed, nor answered the appeal.
 

 We are asked to determine whether the trial court committed legal error when it decided that Kaye’s 7 May 2007 Rule to Reinstate Medical Treatment constituted
 
 *1280
 
 judicial demand as is required by La. R.S. 9:321 for modification of the spousal support obligation in effect at the time the rule was filed. A trial court’s assessment regarding the retroactivity of a judgment modifying a prior support obligation is restricted by La. R.S. 9:321, which requires that judicial demand for a modification be specifically made in order for such an award to be made retroactive. The statute states:
 

 A.Except for good cause shown, a judgment awarding, modifying, or revoking an interim spousal support allowance shall be retroactive to the date of judicial demand.
 

 B. (1) A judgment that initially awards or denies final spousal support is effective as of the date the | (judgment is rendered and terminates an interim spousal support allowance as of that date.
 

 (2) If an interim spousal support allowance award is not in effect on the date of the judgment awarding final spousal support, the judgment shall be retroactive to the date of judicial demand, except for good cause shown.
 

 C. Except for good cause shown, a judgment modifying or revoking a final spousal support judgment shall be retroactive to the date of judicial demand.
 

 D. Spousal support of any kind, except that paid pursuant to an interim allowance award, provided by the debtor from the date of judicial demand to the date the support judgment is rendered, to or on behalf of the spouse for whom support is ordered, shall be credited to the debtor against the amount of the judgment.
 

 E. In the event that the court finds good cause for not making the award retroactive to the date of judicial demand, the court may fix the date on which the award shall commence.
 

 F.A judgment extinguishing an obligation of spousal support owed to a person who has cohabited with another person of either sex in the manner of married persons shall be retroactive to the date of judicial demand. [Emphasis supplied.]
 

 While the general rule is that a trial court’s judgment awarding spousal support is entitled to great weight and will not be disturbed on appeal absent a clear abuse of discretion, this same leeway is not afforded by La. R.S. 9:321. In fact, the language found in La. R.S. 9:321 C, “shall be retroactive,” denotes a mandatory duty.
 
 See
 
 La. R.S. 1:3. This statute mandates that in the absence of good cause shown, a judgment modifying or revoking a final spousal support judgment must be retroactive to the
 
 date of demand
 
 for same. Thus, while a court may, in its discretion, limit or bar the retroactivity of a modification of a spousal support 17order, there is no legal authority for going beyond the filing date of the rule setting forth the demand. To do so constitutes legal error.
 

 We find that whether or not a pleading constitutes a proper demand or suit for purposes of a modification of a prior spousal support award requires a legal determination. Accordingly, we review the trial court’s determination
 
 de novo,
 
 despite Kaye’s argument that the trial court’s findings were not an abuse of its discretion or clearly wrong.
 

 In his lone assignment of error, Rebennack argues the trial court erred as a matter of law by awarding an increase in spousal support payments retroactive to a date preceding Kaye’s judicial demand for modification of the prior spousal support obligation, which he contends she made for the first time,
 
 in the alternative,
 
 when she filed her 6 April 2009 motion to enforce the consensual agreement. To the contrary, Kaye maintains that under Louisiana’s
 
 *1281
 
 system of fact pleading, as long as the facts constituting the claim are alleged, the party may be granted relief to which he is entitled under the pleadings and the evidence. Consequently, Kaye avers that her Rule to Reinstate Medical Treatment filed on 7 May 2007 alleged facts sufficient to constitute judicial demand for an increase in spousal support and, therefore, the trial court correctly entered judgment retroactive to that date.
 

 In her Rule to Reinstate Medical Treatment filed in May 2007,
 
 [8]
 
 stating there was
 
 *1282
 
 no “current order for alimony and support,” Kaye sought to have the court |9order Rebennack to reimburse her for the costs of her personal care from January 2007 forward, and to order him to continue to pay these costs in the future as she “has to her detriment relied on him to pay those costs.... ” The rule, including the prayer set forth in the incorporated memorandum, is silent as to any request for a modification or increase in monthly support payments (arguably because Kaye was of the mistaken belief that no order was in effect susceptible of being increased). Kaye, however, argues that her motion, though styled as a rale seeking reinstatement of medical treatment, constitutes a “proper demand” for modification of the previous support judgment under Louisiana’s fact pleading system because it alleges facts seeking reimbursement of unpaid medical costs and an increase of her spousal support award to include payment of future medical expenses.
 

 Nearly two years later in April 2009, Kaye filed a second Motion to Enforce Consensual Agreement, for Retroactive Reimbursement and for Damages and, or Alternatively, Rule to Modify Post-Divorce Alimony, once again asking the court to enforce the alleged consensual agreement existing between the parties wherein Kaye avers Rebennack purportedly agreed to pay for all of her monthly expenses. |inIn the event the court deemed the alleged consensual agreement unenforceable, Kaye asked the court to alternatively “increase the current post-divorce alimony award” (essentially retracting her prior statement that there was no “current order for alimony and support” in effect), to an amount that would meet her then monthly expenses. Kaye contends this 6 April 2009 motion was merely a substitute or replacement to her previously filed motion of 7 May 2007 and, therefore, the trial court was correct in determining that 7 May 2007 was the proper date upon which she made her initial demand for modification of the prior spousal support judgment. We disagree.
 

 While La. C.C.P. art. 1153 generally pertains to the relation back of an amended pleading to the filing date of the original pleading, La. R.S. 9:321 specifically addresses the retroactivity of a judgment concerning spousal support and provides that judicial demand for modification must be made in order for an award to be made retroactive to the filing date of same. In determining the applicability of laws, it is axiomatic that the more specific governs over the more general.
 
 Richardson v. Richardson,
 
 07-0430, p. 13 (La.App. 4 Cir. 12/28/07), 974 So.2d 761, 771. La. R.S. 9:321 is found in a section of the revised statutes that specifically governs the substantive rights between spouses insofar as they pertain to spousal support. In contrast, La. C.C.P. arts. 1151-1156 are contained in the Louisiana Code of Civil Procedure in the section relating to amended and supplemental pleadings. Therefore, when applicable as in the instant case, the provisions set forth in La. R.S. 9:321, being more specific to spousal support, prevail over general provisions contained in La. C.C.P. art. 1153. Accordingly, we find that an amended motion (in this case, Kaye’s 6 April 2009 motion) that demands modification of a spousal support obligation does not relate back, for | n purposes of retroactivity of a judgment modifying support, to the date of the originally filed rule (in this case, Kaye’s 7 May 2007 rule to reinstate medical treatment). We further hold that La. R.S. 9:321 requires that judicial demand for modification of a support award be expressly made and that a
 
 *1283
 
 judgment modifying that support obligation is retroactive to the date such express judicial demand is actually made.
 

 In the instant case, we find that Kaye’s Rule to Reinstate Medical Treatment did not expressly request modification of the post-divorce spousal support agreement, but that this request was first set forth, in the alternative, in her later filed Rule to Modify Spousal Support. The trial court, therefore, committed legal error when it made the judgment modifying the support obligation retroactive to a date preceding judicial demand for such relief. The jurisprudence supports our conclusion.
 

 In
 
 Howell v. Howell,
 
 391 So.2d 1304 (La.App. 4th Cir.1981), involving a proceeding to change custody and reduce child support and alimony, the father requested that the trial court issue an order apportioning support “per child” rather than
 
 in globo
 
 because one of the two children had attained the age of majority. The father suggested that fulfilling his request would eliminate the necessity of further modification of the support. This court upheld the trial court’s refusal to do so on the basis that the father had failed to bring proper suit seeking a modification of the support obligation. Specifically, we noted:
 

 The jurisprudence reflects the view that an award of child support may not be modified, reduced, or terminated unless proper suit is brought, operation of law occurs, or a conventional obligation suspending the award is entered into between the parties. The obligation of support does not terminate by operation of law when a child reaches the age of majority. In view of the fact that | iaproper suit has not been brought and there is no evidence of a conventional obligation suspending the award in the record, Dr. Howell’s request cannot be granted.
 

 Id.,
 
 391 So.2d at 1307-08. Because Dr. Howell failed to make proper demand, the court was without authority to modify the support obligation.
 

 In
 
 Halcomb v. Halcomb,
 
 352 So.2d 1013 (La.1977), the Court addressed the issue of whether the husband had the right to unilaterally reduce the
 
 in globo
 
 support award proportionately as each of his four children arrived at the age of majority or became emancipated. In pronouncing that the husband had no right to do this, the Court noted that, while an alimony judgment is not final in that a modification, reduction or termination of such a judgment may be sued for, in the absence of such a suit seeking modification of the support obligation, or provided for by operation of law,
 
 [9]
 
 the judgment cannot be altered or modified.
 
 Id.,
 
 352 So.2d at 1016. The husband had failed to bring such a suit seeking modification.
 

 Similarly, in
 
 McGovern v. Tatman,
 
 410 So.2d 779 (La.App. 4th Cir.1982), the trial court retroactively discharged the ex-husband from payment of arrears in child support that had accumulated during the three years preceding the hearing on the ex-wife’s rule seeking child support arrear-ages. Relying in part on
 
 Halcomb, supra,
 
 this court reversed the finding that since the husband had failed to bring a proper suit seeking to have the support obligation amended, the judgment ordering support could not be altered or modified and, thus, the full amount of the support ordered was due. The trial court was without authority to retroactively discharge the ex-husband from a portion of the arrears accumulating prior to the hearing.
 
 Id.
 
 at 781.
 

 13In
 
 Racca v. Racca,
 
 99-2948 (La.App. 1 Cir. 12/22/00), 775 So.2d 689, the ex-wife
 
 *1284
 
 sought an increase in child support. Specifically, the parties entered into a stipulation regarding child support, among other things, that was reduced to judgment on 8 May 1998. Approximately ten months later, the ex-wife filed a rule seeking an increase in child support and for contempt. The trial court entered judgment modifying the child support award and ordered that the increase be made retroactive to the date of the original 8 May 1998 consent judgment, rather than the date of judicial demand, which occurred nearly a year later. The appellate court reversed noting that while courts have some discretion regarding the retroactivity of a modification in a support award; it was legal error for the trial court to order a change in a support award retroactive to a date beyond the filing date of the petition for modification.
 
 Id.,
 
 99-2948, p. 8, 775 So.2d at 694.
 

 Lastly, this court also refused retroactive payment of support when no demand therefor had been made in
 
 Barkemeyer v. Barkemeyer,
 
 560 So.2d 837 (La.App. 4th Cir.1989)(on rehearing). In
 
 Barkemeyer,
 
 the wife sought to make a judgment granting an increase in support retroactive to the date of the filing of a rule for contempt for nonpayment of alimony pendent lite, which claim the court determined failed to state a cause of action. Specifically, the court stated:
 

 Essentially, the August 19, 1987 rule for contempt had no effect in law since Ms. Barkemeyer had no cause of action for past due alimony at the time. Therefore, the trial court was manifestly erroneous in giving the award for permanent alimony retroactive effect to the date of the granting of the divorce decree and thus incorrectly calculated the past due alimony award.
 

 Id.,
 
 560 So.2d at 842-843. In essence,
 
 Barkemeyer
 
 instructs that unless a cognizable claim for relief is asserted in the earlier demand, a trial court commits legal error when it makes an award retroactive to the date of such a demand.
 

 |uIn the instant case, as noted
 
 above,
 
 Kaye’s 2007 Rule to Reinstate Medical Treatment failed to state a cause of action. Applying the principles set forth by this court in
 
 Barkemeyer
 
 to the case at bar further supports our conclusion that the trial court committed legal error when it made the judgment increasing support retroactive to the date Kaye filed the Rule to Reinstate Medical Treatment rather than to 6 April 2009, the date she made judicial demand for an increase in support.
 

 Applying La. R.S. 9:321 and the applicable jurisprudence cited above to the facts and circumstances presented by the case at bar, we hold that unless and until judicial demand for modification of a spousal support obligation has been expressly made a trial court lacks authority to issue an award increasing spousal support. We further hold that such an award cannot be applied retroactively to a date preceding the date the express demand for modification of the spousal support obligation was actually made.
 

 For the foregoing reasons, we find the trial court erred in making the judgment awarding an increase in spousal support retroactive to 7 May 2007, the filing date of Kaye’s Rule to Reinstate Medical Treatment, which failed to state a cause of action. Accordingly, we reverse the trial court’s 24 August 2009 judgment and rule that the 9 July 2009 judgment increasing spousal support payments for Kaye is retroactive to 6 April 2009, the date Kaye first made judicial demand for modification of the spousal support obligation.
 

 REVERSED; RENDERED.
 

 [1]
 

 . Kaye died subsequent to the hearing that resulted in the judgment from which Reben-nack has filed the instant appeal. Prior to her death, Kaye filed a Chapter 7 Petition for debtor relief; that proceeding continues posthumously. Pursuant to La. C.C.P. arts. 801 and 821, and Rule 2-9, Uniform Rules, Cts. of App., Barbara Rivera-Fulton, the Chapter 7 Trustee for the bankruptcy estate of Sarah Reva Kaye, deceased, has been substituted as the plaintiff/appellee for Kaye for the purposes of this appeal.
 

 [2]
 

 . Pursuant to the 1996 consent judgment, Re-bennack agreed to pay Kaye’s psychiatric expenses for a period of two years, and for her dental treatment not to exceed $8,500, both of which were to be considered spousal support payments.
 

 [3]
 

 . The record indicates that Rebennack paid Kaye $68,753 in 2001; $61,954 in 2002; $77,993 in 2003; $77,360 in 2004; $178,353 in 2005; and $83,625 through 30 September 2006.
 

 [4]
 

 . According to Kaye, the filing of this rule constituted her first request for a modification of the post-divorce spousal support award as "all facts for modification of alimony were pled.”
 

 [5]
 

 . Pursuant to La. C.C.P. art. 927 B, we find as a matter of law that Kaye’s Rule to Reinstate Medical Treatment did not state a cause of action upon which relief could be granted.
 

 [6]
 

 . Kaye attaches as Exhibit "1” to her appellate brief a computer printout of the Orleans Parish Civil District Court online Case Management System "Rule Docket” evidencing an entry for 27 June 2007 indicating that the hearing on the matter was "Continued without Date.” This exhibit, however, is not contained in the record on appeal. It is well-
 
 *1279
 
 settled that "evidence not properly and officially offered and introduced cannot be considered, even if physically placed in the record. Documents attached to memoranda do not constitute evidence and cannot be considered as such on appeal.”
 
 Dewailly v. Lexington Ins. Co.,
 
 09-0020, p. 2 (La.App. 4 Cir. 9/16/09), 23 So.3d 368, 369-370. Thus, this court may not consider Kaye’s attached Exhibit "1.”
 

 [7]
 

 . La. C.C. art. 116 provides: “The obligation of final spousal support may be modified, waived, or extinguished by judgment of a court of competent jurisdiction or by authentic act or act under private signature duly acknowledged by the obligee."
 

 [8]
 

 . Kaye’s 7 May 2007 emergency rule contained the following,
 
 in to to:
 

 Emergency Rule to Show Cause & Reinstate Medical Treatment Unilaterally Terminated by Mac Rebennack, Incorporated Memorandum, and Order
 

 Comes Now Sarah Rebennack, who moves the Court to order Malcolm John Rebennack [a/k/a Dr. John] to show cause why he should not reinstate and reimburse payment for her medical treatment, and for her other basic necessities-as she has been and is physically disabled which he and his representatives unilaterally discontinued as of January, 2007.
 

 Incorporated Memorandum
 

 Sarah Kaye Rebennack was granted a judgment of divorce from her former husband Malcolm John Rebennack [a/k/a Dr. John] twelve years ago, in 1995. Despite the twelve year lapse, there has been no community property settlement, and no current order for alimony and support.
 

 Approximately eight years ago petitioner suffered an [sic] number of medical conditions including but not only, hip replacement surgery [both hips], diabetes and conditions effecting her heart. She was no longer able to work or to adequately care for herself. As part of her support, her former husband Malcolm John Rebennack has paid for her medical care, her dental care, her medicines, her physical therapy and transportation.
 

 As she was in necessitous circumstances, he paid for these treatments and care until January of this year. Although she still is in necessitous circumstances, Mr. Reben-nack through counsel, announced as of January 2007, that he would no longer pay for or reimburse her for any medical treatments, doctor visits, medicines, dental treatments, therapy and exercise costs, or other necessities which, to her present detriment, she has relied upon him and his resources to obtain. Despite the fact that her doctors continue to treat her, counsel for Rebennack has decided that she no longer needs this treatment, and therefore her former husband will no longer pay for or reimburse her for this treatment.
 

 To her knowledge, Rebennack has not retained an independent physician or other expert who advised him that she no longer needed treatment for her diabetes, her heart condition, her dental care, her medicines, her therapy or any other related expenses. She has not been asked to see an independent physician, nor has she been asked to release her medical records to another physician-expert. Her treatment continues.
 

 Counsel for Rebennack simply informed former counsel for Ms. Rebennack that she no longer needed these services and that they would no longer pay for them. Sarah Kaye Rebennack cannot drive and cannot walk without assistance. Therefore, she cannot go to the doctor or to take her physical therapy unless someone drives her to those appointments. Rebennack has also cut off her reimbursements for these expenses. He has continued to pay $3,500 monthly in alimony which pays for her insurance, her rent, the basic living expenses, and food.
 

 She has relied for years on the payment for the medical treatment, prescriptions, dental care, a care-assistant, transportation, and therapy which will cost approximately $5,000 a month. Counsel does not need to revisit the costs of even the most elemental health care for this Court. Since January, she has paid for these items herself. She has exhausted her life savings to pay for these elemental items of personal care.
 

 To her detriment she has relied upon her former husband’s agreement to pay for her health care, medicines, and personal assistance. She is unable to pay for these costs of care herself, as she has been and is physically disabled.
 

 Wherefore, the Court should order Malcolm John Rebennack to show cause why he should not reimburse her for all costs of personal care incurred since he cut off payments of those costs in January 2007. And, it should order him to show cause why he should not continue to pay those costs, as
 
 *1282
 
 her doctors continue to provide her care, and as she has to her detriment relied on him to pay those costs since she became disabled. [Emphasis in original.]
 

 [9]
 

 . The obligation of spousal support is extinguished by operation of law upon the remarriage of the obligee or the death of either party. See La. C.C. art. 115.