| .THOMAS F. DALEY, Judge.
Defendant/Appellant, Kenneth J. Gra-vois, Sr. (Kenneth), appeals the trial court judgment that granted his former wife, Cheryl Kliebert Gravois (Cheryl), reimbursement for the fair rental value of the community home while he occupied it pending the couple’s divorce and partition *91 of community property. Appellant argues that this award is contrary to law and jurisprudence because Cheryl agreed to waive her claim for rental value in a Consent Judgment granted on September 5, 2000 (signed on December 4, 2000). Further, he argues that the court may not retroactively award one spouse rental value of the community home absent an agreement or court order awarding rental value at the time use and occupancy is determined, as per LSA-9:374(C). In the alternative, should this Court uphold the award to Cheryl, Kenneth argues that Cheryl failed to substantiate the amount of the award, $400.00 per month, by competent evidence.
We affirm the trial court’s ruling that Cheryl is entitled to an award for fair rental value of the home during the time it was co-owned and used exclusively by Kenneth. We find, however, that the record is devoid of any competent evidence establishing the amount of the award. We reverse the amount of the award, and remand for further proceedings.
|sThe briefs and record shows that the parties were married in 1981, with Cheryl filing for divorce on March 6, 2000. A Consent Judgment entered on September 5, 2000, decided some preliminary matters, and is pertinent to this appeal, Paragraph 8 stated:
“Cheryl Kliebert Gravois shall waive her claim for rental reimbursement for the value of the family residence in consideration for Kenneth J. Gravois, Sr.’s waiver of his claim for reimbursement for any mortgage payments made on the family residence at the time of the settlement of the community property between the parties.”
The Judgment was silent as to whom was awarded the exclusive use and occupancy of the home, but by testimony of the parties on February 3, 2003, both parties testified that Kenneth occupied their former home in Vacherie, Louisiana, from March 2000 through December 2000, and from December 2001 until the time the appeal brief was filed. Kenneth further testified that from December 2000 until December 2001, he worked and lived in Florida. The testimony suggests that Cheryl did not occupy the family home during Kenneth’s absence in Florida, but that Kenneth retained the right to its exclusive use and occupancy.
Cheryl filed a Rule for Past Due Child Support on October 31, 2002. Among other items, in that Rule she asked for an award for fair rental value during his exclusive use of the family home, retroactive to the date of the filing of her Petition for Divorce; Contempt; Attorney’s Fees, and Costs. Following a hearing on February 3, 2003, the trial court entered judgment in favor of Cheryl on February 21, 2003, awarding her, in addition to other items not at issue in this appeal, fair rental value of the family home in the amount of $400.00 per month for 33 months or $13,200.00.
Kenneth appeals this award, arguing that Cheryl agreed to waive her claim for rental reimbursement in the September 5, 2000 Consent Judgment; that she | transferred ownership of her interest in the residence to Kenneth prior to hearing on her Rule for rental value reimbursement; that she failed to reserve her claim for rent before transferring ownership to Kenneth; and that, as a co-owner, Cheryl is not entitled to rent from Kenneth absent a written agreement or court order to that effect at the time use and occupancy were awarded. Last, Kenneth argues that she failed to establish by a preponderance of the evidence that the fair rental value of the home was $400.00 per month.

*92
ANALYSIS

LSA~9:374(C) states in pertinent part:
C. A spouse who uses and occupies or is awarded by the court the use and occupancy of the family residence pending either the termination of the marriage or the partition of the community property in accordance with the provisions of R.S. 9:374(A) or (B) shall not be liable to the other spouse for rental for the use and occupancy, unless otherwise agreed by the spouses or ordered by the court.
Jurisprudence has interpreted this section to require that such an agreement or court order be made at the time use and occupancy is awarded; rental payments may not be retroactively assessed. McCarroll v. McCarroll, 96-2700 (La.10/21/97), 701 So.2d 1280.
In Richard v. Richard, 00-08 (La.App. 5 Cir. 5/30/00), 762 So.2d 271, this court discussed the policy considerations behind LSA-R.S. 9:374(C):
The request for rent in this matter was made by Austin pending settlement of the community, post divorce. Therefore, after dissolution of their community, and until it is partitioned, Austin and Peggy continued to hold the property as owners in indivisión, or, as co-owners. Anderson v. Anderson, 520 So.2d 1236, 1239 (La.App. 5 Cir.1988). In this situation, as has been made clear by the Supreme Court, LSA-R.S. 9:374 does not sidestep more general principles of co-ownership, but is applied in conjunction with the principles found in Civil Code articles 797 through 818 — articles governing “ownership in indivisión.” Article 802, in particular, provides that one co-owner cannot prevent another co-owner from making use of the property. Rights of each party, therefore, spring not from another co-owner’s mere use of the common property — here, the family home' — but from the fact of ownership. And though one party’s exclusive use of Ifithe property does give rise to an action for damages, the action only arises if, and when, a demand for shared use is made and refused. McCarroll, 96-2700 at pages 19-20, 701 So.2d at 1289-90. Applying this principle to divorced spouses who yet hold property in common, if rent in this situation is a form of damages, the Supreme Court has held that “[f]or the assessment of rent under La.R.S. 9:374(C), there must be an agreement between the spouses or a court order for rent contemporaneous with the award of occupancy.” McCarroll, 96-2700 at p. 20, 701 So.2d at 1290. That is, “Mental payments may not be assessed retroactively unless otherwise agreed to by the spouses or ordered by the court ... there must be an agreement between the spouses or a court order for rent contemporaneous with the award of occupancy.” Lupberger v. Lupberger, 99-0144 at p. 3 (La.App. 4 Cir. 6/16/99), 738 So.2d 138, 140 (emphasis supplied).
Kenneth argues that the judgment retroactively assesses him with rental payments after Cheryl specifically waived such in the Consent Judgment of September 5, 2000. On appeal, Kenneth argues that the parties had no agreement regarding rental value.
It is clear that the parties had an agreement relative to their respective liabilities for fair rental value and the mortgage at the outset of Kenneth’s exclusive use and occupancy of the home. The Consent Judgment was rendered on September 5, 2000, six months after Cheryl’s Petition for Divorce was filed. The testimony established that Kenneth enjoyed exclusive use of the community home from March of 2000 until December of 2002, at which time *93 Cheryl transferred her ownership in the home to Kenneth in the community property partition proceeding. The September 5, 2000 Consent Judgment is the first judgment in this divorce record, adjudicating various issues, including, in Paragraph 8, the parties’ respective rights and liabilities regarding rent and the mortgage. Though the language is inartful, we agree with the trial court’s interpretation thereof that the parties agreed that Cheryl would waive her right to seek fair rental value from Kenneth in consideration of him waiving his right to seek reimbursement from her of mortgage payments he made while enjoying exclusive use and occupancy of the community home. Kenneth’s testimony shows that he had enjoyed the exclusive 1 fiuse of the home since March of 2000 when the parties separated, yet had only made possibly one mortgage payment during that time. The record shows that while he was in Florida from December 2000 to December 2001, he continued to pay the utilities on the house, though not the mortgage. The record contains no documentary evidence regarding who, if anyone, made the mortgage payments, though evidence in the record suggests that on at least one occasion the mortgage was paid via a transfer from an account at the bank.
The cases interpreting R.S. 9:374(C) highlight the extremely prejudicial result that occurs when the occupying spouse is retroactively assessed with rental long after the spouses consented to the one’s occupation of the house. Such an award denies the occupying spouse the chance to avoid an assessment of “damages,” i.e. rental value, by offering the non-occupying spouse the use of the home (and likewise the non-occupying spouse could have asked for the use of the home himself). Such was the case in Richard v. Richard, 762 So.2d 271, 00-08 (La.App. 5th Cir.5/30/00). In that case, it appears that though the parties did agree that Mrs. Richard should occupy the home, the issue of rental payments was never addressed, because no contemporaneous order existed regarding rent. Here, though no award of rent was made in the September 5, 2000 Consent Judgment, it cannot be said that an order regarding rent does not exist contemporaneous with Kenneth’s award of use and occupancy. The issue of rental value was indeed addressed in Paragraph 8.
Other cases cited in Richard make clear that the “extreme prejudice” of a retroactive award of rental value is caused when the issue of rent itself is not addressed at the time occupancy is awarded, thus in effect “blindsiding” the occupying spouse with a liability for rental value not contemplated at the time the agreement or court order was confected. Here, it cannot be said that the issue of rent comes as a surprise to Kenneth. Paragraph 8 is the parties’ agreement relative |7to fair rental value and the mortgage while Kenneth occupied the community home. The parties apparently considered it equitable that while Kenneth had exclusive use and occupancy of the home, he would be liable for the mortgage payments, and Cheryl would, therefore, not seek rental reimbursement from him in consideration for that.
It is clear from the testimony that Kenneth did not abide by Paragraph 8. He did not pay the mortgage except possibly once during the time he enjoyed exclusive use and occupancy of the community home. We agree that under the jurisprudence interpreting R.S. 9:374, the parties’ agreement concerning rent in the Consent Judgment now entitles Cheryl to an award for fair rental value of the home.
In brief, Kenneth contends that Cheryl transferred ownership of her interest in the residence to Kenneth prior to hearing (but after her filing) on her Rule for rental *94 value reimbursement, and that she failed to reserve her claim for rent before transferring ownership to Kenneth. We find no provision in the law, and none was argued, that negates a spouse’s right to assert a claim for rental value after the home is eventually transferred in full to the occupying spouse. Cheryl’s claim for rent is for the time period prior to the community property partition while the home was co-owned in indivisión.
Kenneth argues, lastly, that the amount awarded by the court, $400.00 per month, is not supported by competent evidence. We agree, and reverse the part of the judgment fixing the rental value at $400.00 per month, and remand for recalculation.
In the Consent Judgment, the parties agreed that the rental reimbursement would be waived in exchange for waiver of any claim for reimbursement for any mortgage payments made by Kenneth on the family residence. By this agreement, the parties agreed to tie the fair rental value to the amount of the mortgage 1 spayment(s) reimbursement that would be owed at the time of community partition. As per that agreement the rental reimbursement value per month was limited to one-half of the monthly mortgage payments) that were due on the community home. The record does not establish the exact amount of the monthly mortgage payment(s) or establish exactly when and with whose funds the mortgages were paid off. The record reveals that there were two mortgages on the home and that at least one of them may have been paid off during Kenneth’s occupancy, but prior to Cheryl’s transfer of the home to him in full ownership. The amount of the monthly mortgage payment, as well as what payments were made, and whether those payments were made with separate or community funds will all affect the amount of past due rental reimbursement owed by Mr. Gravois.
The matter is remanded to the trial court for a determination of what the appropriate rental reimbursement should be, given that the Consent Judgment establishes a basis for calculating the rental reimbursement value. Accordingly, the trial court’s judgment is affirmed in part, reversed in part, and the matter remanded for recalculation of the amount of fair rental value due Cheryl from Kenneth.
AFFIRMED IN PART, REVERSED IN PART; REMANDED.